UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

VS.                            CASE NO: 2:93-cr-102-FtM-29

GEORGE AGENT

_____

### OPINION AND ORDER

This matter comes before the Court on defendant's Motion to Correct/Modify Sentence (Doc. #1,220) filed on June 17, 2016. Defendant asserts jurisdiction on the basis of 18 U.S.C. § 3582(c)(2) to correct or modify his sentence.  The motion will be dismissed for lack of jurisdiction.

"The unambiguous language of § 3582(c)(1)(B) indicates that, absent other express statutory authority, modification of an imprisonment sentence can only be done pursuant to Rule 35." United States v. Phillips, 597 F.3d 1190, 1195 (11th Cir. 2010). The time period set forth in Fed. R. Crim. P. 35(a) is jurisdictional, and the Court has no inherent authority to reduce defendant's sentence.  United States v. Diaz-Clark, 292 F.3d 1310, 1317 (11th Cir. 2002).  This time period has long passed.  Outside the 14 day limitation in Rule 35(a), defendant must seek redress through a direct appeal, or a § 2255 habeas petition.  Id. 292 F.3d at 1316.

In this case, defendant was sentenced to life on March 18, 1994, and later had his sentence reduced based upon the retroactive application of Amendment 505 of the Sentencing Guidelines reducing his sentence to 360 months of imprisonment.  (Doc. #912, p. 2.) Defendant filed a Notice of Appeal (Doc. #424), and his conviction and sentence were affirmed on June 21, 2001.  (Doc. #831.)  On July 29, 2003, the Court denied defendant's Petition Under 28 U.S.C. § 2255.  (Doc. #912.)  The Eleventh Circuit reversed and remanded to resolve a specific issue, Doc. #997, and on January 31, 2006, the Court issued an Opinion and Order (Doc. #1017) on remand.  The Eleventh Circuit denied defendant a certificate of appealibility.  See 2:02-cv-628-FTM-29.

A prisoner may not file a second or successive motion under § 2255 without the permission of the appropriate court of appeals. 28 U.S.C. § 2255(h).  Absent such permission, a district judge lacks jurisdiction to address the motion and must dismiss it. United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005). Defendant has not obtained a certification from the Eleventh Circuit Court of Appeals which allows the filing of a second or successive petition, and therefore the district court lacks subject-matter jurisdiction.[1]

---

[1] The Court notes that on June 12, 2012, it dismissed a second petition brought under 28 U.S.C. § 2255 for lack of jurisdiction. (Doc. #1164.)

Accordingly, it is hereby

**ORDERED:**

Defendant's Motion to Correct/Modify Sentence (Doc. #1,220) is **DISMISSED** for lack of jurisdiction.

**DONE and ORDERED** at Fort Myers, Florida, this ___20th___ day of June, 2016.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Defendant
Counsel of Record